UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Robert Haydon Jones & Associates, LLC and Robert Haydon Jones, | ) ) ) ) | Civil No. 3:04-cv-417 (WWE) |
| Plaintiffs | ) ) ) | |
| vs. | ) ) ) | |
| Cosmetique, Inc., | ) ) ) | |
| Defendant. | ) ) ) | |
| Cosmetique, Inc. | ) ) ) | |
| Counterclaim Plaintiff | ) ) ) | |
| vs. | ) ) ) | |
| Robert Haydon Jones & Associates, LLC and Robert Haydon Jones, | ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |

**RULING ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

The plaintiffs, Robert Haydon Jones & Associates, LLC and Robert Haydon Jones ("Jones"), seek partial summary judgment against the defendant, Cosmetique ("Cosmetique"), for their claim of breach of contract and against Cosmetique's affirmative defense of statute of frauds and its counterclaims of breach of fiduciary duty[1] and violations of Connecticut's Unfair Trade Practices Act ("CUTPA") and Illinois' Consumer Fraud and Deceptive Business Practices Act ("ICFA"). In turn, in its cross-motion for partial summary judgment, Cosmetique seeks

---

[1] Jones characterizes this affirmative defense as that of "intentional misrepresentation," but Cosmetique clarifies this misrepresentation in its Reply Memorandum to Jones' Motion for Partial Summary Judgment.

summary judgment on Jones' breach of fiduciary duty, its right to the recovery of compensation paid to Jones, Jones' violations of CUTPA, the denial of Jones' requested relief or, in the alternative, the claim that the statute of frauds controls the proof of the alleged contract between the two parties.

Because the record is rife with disputed facts, this Court will deny both Jones' motion for partial summary judgment and Cosmetique's cross motion for partial summary judgment.

### I. STANDARD OF REVIEW

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 24.

## II.  DISCUSSION

In the present case, the underlying facts of the case are disputed.  There is inconsistency in the parties' characterization of the most fundamental issues presented.  Of primary concern is the parties' allegations of intent and their assertions of subjective interpretation.  In its drawing of all ambiguities in favor of the nonmoving parties, the Court must rule against both parties inasmuch as they are both arguing, by means of the same set of disputed facts, for partial summary judgment.  Since neither party satisfies the standard necessary for summary judgment, both motions will be denied.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES Robert Haydon Jones, Inc. LLC. and Robert Haydon Jones' motion for partial summary judgment [Doc. # 55] and DENIES Cosmetique's cross-motion for partial summary judgment [Doc. # 79].

SO ORDERED this 12th day of July, 2005, at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge